IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES POSTAL SERVICE,
AS SUBROGEE/ASSIGNEE OF ALL
CLAIMS OF DAN WOODRUFF, SUBROGOR/
ASSIGNOR,                                                              PLAINTIFF,

VS.                                               CIVIL ACTION NO. 1:07CV298-P-D

J.C. MCGEE, A/K/A J. COLON MCGEE and
NELL F. MCGEE,                                                         DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Defendants' motion for summary judgment [29]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

According to the Complaint filed on November 19, 2007, Don Woodruff, a letter carrier for the United States Postal Service, slipped and fell when one of the stone steps leading down from the McGee's front lawn came loose on July 22, 2005 causing numerous injuries, including a torn rotator cuff, lower back injuries, and knee injuries. The total medical expenses he incurred were in excess of $25,000.00 which were paid by the USPS. Woodruff assigned his right to recover from the defendants to the USPS. The Complaint asserts premises liability under the rubric of four distinct negligence causes of action: (1) failure to warn of a dangerous condition – *i.e.*, the loose stone step; (2) creation of a dangerous condition; (3) failure to repair a dangerous condition; and (4) the dangerous condition created, owned, and maintained by the defendants constituted a trap.

The defendants have filed a motion for summary judgment, arguing that the plaintiff has insufficient evidence to establish premise liability. More specifically, the defendants argue that the

1

plaintiff has insufficient evidence to establish (1) that the defendants committed a negligent act since there is no proof they breached their duty of care; (2) that the defendants had actual knowledge of a dangerous condition; and (3) that the defendants had constructive knowledge of a dangerous condition.

The plaintiff argues that there are numerous genuine issues of material fact rendering summary judgment unwarranted.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d l026, l031 (5th Cir. l982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. l981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. l969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

## B. Premise Liability Standards

"In Mississippi, an owner, occupant, or person in charge of a premises owes to an invitee or business visitor a duty to exercise ordinary care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care." *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 285 (Miss.1986)."When the dangerous condition is traceable to the proprietor's own negligence, no knowledge of its existence need by shown." *Id.* "However, the owner or occupant is not an insurer against all injuries."*Drennan v. Kroger Co.*, 672 So.2d 1168, 1170 (Miss.1996).

"Simply put, in order for a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition." *Anderson v. B.H. Acquisition*, 771 So.2d 914, 918 (Miss. 2000).

"Constructive knowledge is present where, based on the length of time that the condition existed, the operator exercising reasonable care should have known of its presence." *Drennan v. Kroger Co.*, 672 So.2d 1168, 1170 (Miss. 1996). Though direct and circumstantial evidence can be used, actual or constructive notice must be proved by a preponderance of the evidence. *Sears, Roebuck & Co. v. Tisdale*, 185 So.2d 916, 917 (Miss. 1996). "Constructive knowledge is established by proof that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of that condition." *Jacox v. Circus Circus*

4

*Mississippi, Inc.*, 908 So.2d 181, 184 (Miss. Ct. App. 2005) (citing *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992)). "The plaintiff must produce admissible evidence of the length of time that the hazard existed and the court will indulge no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period." *Jacox*, 908 So.2d at 184 (citing *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 286 (Miss. 1986)).

**C. Analysis**

Having considered the evidence submitted by the plaintiff – *i.e.*, the depositions of the parties and the pictures of the subject stair case – the court concludes that there is insufficient evidence to create a genuine issue of material fact warranting a trial on this matter. Essentially, there is no evidence that the defendants had actual or constructive knowledge of a problem with the stair case. Indeed, even Mr. Woodruff admits in his deposition that of all the times he walked up and down the stairs – approximately four times a week for three months – and even on the day in question, he saw nothing wrong with the stairs. In his deposition he expressed concern that the stairs might become slippery with moss in wet conditions, but he admits that it was a dry day when he fell.

More specifically, in response to the question "Now, in climbing the stairs prior to the fall, even that morning on the way up, did you notice any stairs being loose or broken or anything?" Woodruff responded in his deposition: "No. They looked good." Woodruff Deposition at 29:16-19. In response to the question "And in the days before the fall did they look okay? I mean, had you ever noticed anything wrong structurally with the stairs?" Woodruff responded: "Never. They always looked right." Woodruff Deposition at 29:20-23.

Furthermore, it is undisputed that both of the McGees testified that they had never had the steps maintained before or after the incident and that they had never had any knowledge from their

5

own observation or others that there was anything amiss with the staircase. In response to the question "Do you have any reason to believe that the McGees knew that something was structurally wrong with the stairs?," Woodruff replied in his deposition: "No. I don't think so." Woodruff Deposition at 32:18-21.

Because there is no evidence that the defendants had any knowledge of the alleged problem with the stone riser and because the evidence in fact shows that neither the defendants nor Mr. Woodruff ever had any reason to believe there was a loose stone on the staircase, it cannot be said that there is sufficient evidence creating a genuine issue of material fact as to whether the defendants had actual or constructive knowledge of a dangerous condition. Similarly, there is insufficient evidence that the defendants committed a negligent act. Thus, there is insufficient evidence to meet any one of the three alternative bases for a finding of premise liability – *i.e.*, (1) that some negligent act of the defendant caused his injury; or (2) that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

There is certainly no evidence that the defendants had actual knowledge of a dangerous condition. Even if the court were to strain to find the possibility of constructive knowledge, the plaintiff cannot meet the burden announced in *Jacox* that "[t]he plaintiff must produce admissible evidence of the length of time that the hazard existed and the court will indulge no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period." *Jacox*, 908 So.2d at 184 (citing *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 286 (Miss. 1986)).

In summary, the evidence tends to show that Mr. Woodruff fell down the defendants' stairs,

possibly caused in whole or in part by a stone riser that came loose under the top stair. The evidence is insufficient, however, to meet the burden of demonstrating by a preponderance of the evidence that the defendants had actual or constructive knowledge of a dangerous condition – especially since (1) Mr. Woodruff himself admits that he did not see a problem with the staircase after ascending and descending it up to four times a week for three months and even on the day of the incident; and (2) Mr. Woodruff admitted that he did not have any reason to believe that the defendants knew of a dangerous condition on the stairs.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Defendants' motion for summary judgment [29] should be granted and that the plaintiff's claims should be dismissed with prejudice. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of November 21, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE